# In the United States Court of Federal Claims

No. 25-1140
(Filed Under Seal:  25 August 2025)

```
*****************************************
                                        *
BRASFIELD & GORRIE, LLC,                *
                                        *
                  Plaintiff,            *
                                        *
v.                                      *
                                        *
THE UNITED STATES,                      *
                                        *
                  Defendant.            *
                                        *
*****************************************
```

## ORDER

On 14 August 2025, the Court held a sealed initial status conference to discuss all related bid protests and address various scheduling issues.  *See* 2 July 2025 Order, ECF No. 18, *Cianbro Constructors, LLC v. United States*, No. 25-1034 (ex-lead case)[1].  The Court subsequently ordered the parties to submit a joint status report ("JSR") regarding scheduling logistics, and the parties submitted a JSR on 22 August 2025.  *See* 14 August 2025 Order, ECF No. 23, *Cianbro Constructors, LLC v. United States*, No. 25-1034 (ex-lead case); 22 August 2025 JSR, ECF No. 25, *Cianbro Constructors, LLC v. United States*, No. 25-1034 (ex-lead case).

The parties' 22 August JSR is not consistent with the Court's discussion at the 14 August Status Conference.  At the 14 August Status Conference, the Court instructed the parties to: *either* choose one solicitation necessitating expedited disposition, *or* provide a briefing schedule accommodating all pending bid protests.

In the parties' 22 August JSR, the government instead proposed to consolidate *three* cases—*Brasfield & Gorrie, LLC*, No. 25-1140 with *EVCON-CWC JV, LLC*, No. 25-1101 and

---

[1] The Court understands, since the 14 August Status Conference, four directly related bid protest cases have been voluntarily dismissed by the parties:  *Cianbro Constructors, LLC v. United States*, No. 25-1034; *Cianbro Constructors, LLC v. United States*, No. 25-1035; *The Haskell Co. v. United States*, No. 25-1134; and *HPCC v. United States*, No. 25-1149.  *See* 22 August JSR at 1–2, ECF No. 25, *Cianbro Constructors, LLC v. United States*, No. 25-1034 (ex-lead case).  *Cianbro*, No. 25-1034 was previously designated as the lead case for the purposes of consolidation.  *See* Order Consolidating Cases, ECF No. 18, *Cianbro Constructors, LLC v. United States*, No. 25-1034 (ex-lead case).  Going forward, given the parties voluntarily dismissed that case, the Court notes the case bearing the lowest case filing number (likely *EVCON-CWC JV, LLC v. United States*, No. 25-1101) will become the lead case.  *See* Notice of Voluntary Dismissal, ECF No. 26, *Cianbro Constructors, LLC v. United States*, No. 25-1034 (ex-lead case).  As this order relates most closely to *Brasfield & Gorrie, LLC*, No. 25-1140, the Court files this Order in *Brasfield & Gorrie* but intends this Order to relate to all pending bid protests.

*HPCC*, No. 25-1189—and stay four pending related cases—*HPCC*, No. 25-1276, *HPCC*, No. 25-1277, *Cox Construction Co.*, No. 25-1278, and *Flatiron Dragados Constructors, Inc.*, No. 25-1333—until the outcome of the three cases proposed to be consolidated. *See* JSR at 2–3. Those four parties, also, objected to the government's proposed stay "due to the lack of assurances that the consolidated cases will resolve the issues" and a possibility the parties "may have to relitigate these same issues in a subsequent set of protests." *See* JSR at 4.

    *Brasfield & Gorrie* appears to be the source of the scheduling issues here. The government noted in the parties' 22 August JSR "the United States Army Corps of Engineers (USACE) is unwilling to voluntarily stay bid opening in the procurement at issue" in *Brasfield & Gorrie* beyond 15 December 2025. JSR at 2. Similarly, at the 14 August Status Conference, counsel for USACE stated this case was urgent: the agency already discussed staying this particular procurement until 15 December, and the New Orleans district would be disappointed with further delays. *See generally* 14 August Status Conference. In response, counsel for *Brasfield & Gorrie* noted the government removed the project labor agreement requirements in the solicitations in *Harper*, *Environmental Chemical Corporation*, and *Osborne*; therefore, if the government believed the *Brasfield & Gorrie* project was so urgent, the government could similarly remove the project labor agreements here and expedite the solicitation. *See generally* 14 August Status Conference. The government in the parties' 22 August JSR, however, did not articulate why the other two cases it proposes to consolidate—*EVCON-CWC JV, LLC*, No. 25-1101 and *HPCC*, No. 25-1189—have a similar level of urgency as *Brasfield & Gorrie*, nor did the government raise concerns about their urgency at the 14 August Status Conference.

    To accommodate USACE's unwillingness to voluntarily stay the award in *Brasfield & Gorrie* beyond 15 December, the government proposed to submit the administrative record *only for the three cases proposed to be consolidated* by 27 August 2025, with plaintiffs filing their motions for judgment on the administrative record ("MJAR") by 7 September and the government filing its cross-motion by 17 September. JSR at 2. The government noted "it is not practicable to consolidate all pending related PLA protests and proceed on the expedited schedule proposed above." *Id.* at 4. As such, because "[t]he [g]overnment could not reasonably compile and file administrative records by on or about August 27, 2025, in all of the pending related cases (that the parties do not anticipate being dismissed)," the government stated it would need "until approximately September 26, 2025, to file an administrative record if the consolidated cases included protests of nine separate solicitations (including the three protests that HPCC anticipates filing on or about August 25, 2025)." *Id.* The Court understands the government is unable to compile and file administrative records in each case until approximately 26 September, but waiting until 26 September for the administrative records will not be conducive to a final disposition by 15 December (the date until which the USACE decided to stay the award in *Brasfield & Gorrie*).

    The Court notes, "[a]fter the Court issues its decision in the [*Brasfield & Gorrie* case], the Government intends to re-assess whether corrective action is appropriate in each stayed case to the extent that the Government has not already taken corrective action resulting in dismissal of [each stayed] case." JSR at 3–4. As a result, the government "believes that there is a reasonable possibility that a decision by the Court in the consolidated cases would lead to a resolution of the

stayed cases, as happened after the Court's decision in *MVL USA, Inc. v. United States*, 174 Fed. Cl. 437 (2025)." *Id.* at 4.

As the parties are well aware, this case's posture is similar to *MVL USA*, where the Court consolidated all cases and issued one order resolving all outstanding protests. *See generally MVL USA, Inc. v. United States*, 174 Fed. Cl. 437 (2025). The Court understands the government's urgency in *Brasfield & Gorrie*, which requires the Court decide that case before 15 December. As such, the Court directs the government (and the respective agencies) and plaintiffs to consider two paths forward: (1) if there is an urgent solicitation necessitating expedited disposition that the government can articulate—*e.g.*, *Brasfield & Gorrie*—and the government cannot accommodate a briefing schedule suitable for all other protests, the parties should provide an expedited briefing schedule, so the Court can address the urgent case(s) while staying all other cases; or (2) if it is possible to consolidate multiple cases—*i.e.*, the award in *Brasfield & Gorrie* can be further stayed—the parties should provide a schedule for the administrative record and MJAR briefing for all pending bid protests similar to *MVL USA*.[2]

Accordingly, the parties **SHALL FILE** a joint status report **on or before 26 August 2025 at 5:00 p.m. (ET)** consistent with the Court's discussion at the 14 August 2025 Status Conference detailing: whether the parties wish to provide an expedited briefing schedule for cases needing urgent disposition (*e.g.*, *Brasfield & Gorrie*) and stay all other cases; or provide a briefing schedule accommodating all pending bid protests, the government's request for additional time to compile the administrative records, and the Court's requirements regarding timing for an oral argument and a final order.

**IT IS SO ORDERED.**

s/ Ryan T. Holte
RYAN T. HOLTE
Judge

---

[2] Regardless of which option the parties choose, the Court reminds the parties it requires 4–6 weeks between the end of briefing and oral argument and another 6 weeks after oral argument to issue a decision.